IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CARPENTERS PENSION TRUST FUND OF KANSAS CITY, a Trust Fund, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ACCURATE INDUSTRIAL CONSTRUCTION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 4:19-CV-00003-DGK |

## ORDER GRANTING IN PART DEFAULT JUDGMENT

Plaintiffs are four trust funds ("the Funds") and their respective trustees, as well as the labor union ("Union") that administers the funds pursuant to collective bargaining agreements ("CBAs").[1] This case arises from Plaintiffs allegations that Defendant Accurate Industrial Construction failed to pay 1) its Union employees fringe benefits and 2) its Union dues, in violation of the Employee Retirement Income Security Act ("ERISA") and the Labor Management Relations Act ("LMRA").

After Plaintiffs served Defendant, Defendant failed to participate in this action, and the Clerk entered default against it. Plaintiffs now move for a default judgment under Federal Rule of Civil Procedure 55(b) (Doc. 5). Because Plaintiffs damages from January 1, 2018, to present are unknown, the motion is GRANTED IN PART.

---

[1] The four Funds are Carpenters District Pension Trust Fund, Carpenters Health and Welfare Trust Fund of St. Louis, Carpenters Vacation Trust Fund of St. Louis, and Carpenters Joint Training Fund of St. Louis. The labor union is St. Louis-Kansas City Carpenters Regional Council.

1

**Background**

Defendant employs Union carpenters performing work covered by various CBAs. Under the CBAs, the Defendant is required to: 1) contribute fringe benefits—various sums per hour for each employee covered by the CBAs; 2) submit regular written reports listing the name of each employee, the hours worked, and the amounts contributed for each employee; 3) allow the Funds' trustees to inspect and make copies of Defendant's records pertaining to the employees' compensation and hours worked; and 4) pay Union dues. Defendant is also obligated to pay liquidated damages, interest, audit costs, and reasonable attorneys' fees and costs to enforce payments. Since January 1, 2016, Defendant has failed to pay the fringe benefits or Union dues.

Plaintiffs sued the Defendant under ERISA and the LMRA. The Funds and their trustees seek money damages for the unpaid fringe benefits. The Union seeks money damages for Defendant's unpaid dues. All Plaintiffs seek an accounting, interest, and attorneys' fees and costs.

Plaintiffs served Defendant's registered agent, but Defendant failed to participate in this action, so the Clerk entered default against it. Plaintiffs then filed a motion for default judgment, and the Court ordered Defendant to show cause why it should not enter a default judgment. Defendant again failed to respond.

**Standard of Review**

Once a defendant is in default, a court may enter a default judgment against that party. Fed. R. Civ. P. 55(b)(2). In considering a motion for default judgment, the court takes as true all allegations in the complaint that relate to liability. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). The court does not take as true conclusions of law or factual allegations relating to damages. *Id.* The plaintiff must prove allegations pertaining to the amount of damages "to a reasonable degree

2

of certainty." *St. Louis—Kansas City Carpenters Reg'l Council v. Joseph Constr., Inc.*, No. 4:16–CV–00929–AGF, 2016 WL 6524342, at *2 (E.D. Mo. Nov. 3, 2016). A plaintiff may prove damages by an affidavit and supporting documentation. *See H&R Block Enters. LLC v. Ascher*, No. 4:15–cv–00178–SRB, 2015 WL 5008996, at *4 (W.D. Mo. Aug. 20, 2015) ("Affidavit evidence is sufficient to support an award of damages for purposes of a default judgment.").

## Discussion

**I. Defendant is liable to Plaintiffs for violations of ERISA and LMRA.**

In Counts I through IV, the Funds and their trustees sue Defendant for violating ERISA's plan-contribution provision. In Count V, the Union sues Defendant under the LMRA for violating the CBAs.

ERISA imposes liability on an employer that is obligated to make contributions to an employee pension benefit plan but fails to do so. 29 U.S.C. §§ 1145, 1132(a)(3)(B)(ii). Under the CBAs, Defendant was obligated to make fringe benefit contributions to each Fund. It has failed to do so since January 1, 2016. Defendant has thus violated ERISA and is liable to the Funds and their trustees on Counts I through IV.

Further, an employer is liable under the LMRA for breaching a contract with a union. *Id.* § 185. Although Defendant contractually promised to pay Union dues under the CBA, it has not paid its dues since January 1, 2016. Hence, Defendant has violated LMRA and is liable to the Union on Count V.

**II. Defendant is liable for $18,285.80 in damages for the period January 1, 2016, through December 31, 2017, and Plaintiffs are entitled to conduct an accounting of Defendant's books and other relevant documents to determine damages from January 1, 2018, to the date of this Order.**

Having found liability on all counts, the Court must determine Plaintiffs' recovery. Once

3

liability under ERISA is established, a court is required to award a plaintiff damages for: (1) unpaid contributions, (2) interest on the unpaid contributions, (3) liquidated damages, and (4) reasonable attorneys' fees and costs. *Id.* § 1132(g)(2).

> **A.  Plaintiffs are entitled to recover $11,017.23 in unpaid fringe benefits; $2,223.61 in liquidated damages; $657.82 in interest; $896.08 in unpaid dues; and $3,491.06 in attorneys' fees and costs for the period of January 1, 2016 through December 31, 2017.**

Here, Plaintiffs have audited Defendant's business books and records relating to Plaintiffs' claims and calculated all unpaid contributions, liquidated damages, and interest owed for the period January 1, 2016, through December 31, 2017. The audit revealed: 1) unpaid contributions totaled $11,017.23; 2) liquidated damages totaled $2,223.61; and 3) interest due totaled $657.82 (Doc. 8). The audit also discovered that Defendant failed to withhold and remit union dues in the amount of $896.08.

The Court finds that the affidavit Plaintiffs provided proves judgment should be entered against Defendant for the following amounts:

- To Plaintiff Carpenters Pension Trust Fund of Kansas City: $5,959.63 in unpaid contributions; $1,191.93 in damages; and $341.10 in interest.

- To Plaintiff Carpenters Health and Welfare Trust Fund of St. Louis: $4,123.90 in unpaid contributions; $842.54 in damages; and $259.95 in interest.

- To Plaintiff Carpenters Vacation Trust Fund of St. Louis: $647.50 in unpaid contributions; $129.50 in damages; and $37.18 in interest.

- To Plaintiff Carpenters Joint Training Fund of St. Louis: $286.20 in unpaid contributions; $59.64 in damages; and $19.59 in interest.

- To Plaintiff St. Louis-Kansas City Carpenters Regional Council: $896.08 in unpaid dues.

Plaintiffs also seek attorneys' fees and costs of $3,491.06 for the work done thus far in the case. Prior to approving that request, the Court must determine that the fees are reasonable under ERISA, 29

U.S.C. § 1132(g)(2)(D). That determination rests within the district court's discretion. *Greater Kansas City Laborers Pension Fund v. Thummel*, 738 F.2d 926, 931 (8th Cir. 1984).

Here, the summary of services provided by counsel calculates fees at $3,021.70, representing 13.40 hours billed at $225.50 per hour (Doc. 6-1). Costs, including copies, postage, the filing fee, and service fee total $469.36. *Id*. The Court finds, considering the amounts involved and the results obtained for Plaintiffs, the fee request of $3,491.06 is reasonable.

### B. Plaintiffs are entitled to conduct an accounting of Defendant's records to determine damages for the period of January 1, 2018, to present.

Finally, Plaintiffs request that the Court enter an order directing an accounting to be made of Defendant's business books, records, ledgers, and other relevant documents from January 1, 2018, to present. Because the amount of damages for that period is unknown, the Court orders Defendant to permit an accounting by Plaintiffs. Once Plaintiffs have had the opportunity to do so, the Court will determine damages for that period.

### Conclusion

The motion is GRANTED IN PART. The Court finds in favor of all Plaintiffs as to liability. For the period January 1, 2016, to December 31, 2017, Defendant is liable in the amount of $18,285.80, which represents $11,017.23 in unpaid fringe benefits; $2,223.61 in liquidated damages; $657.82 in interest; and $3,491.06 in reasonable attorneys' fees and costs.

Defendant is further ORDERED to permit, within sixty days of this Order, an accounting by Plaintiffs of its business books and other relevant documents pertaining to money Defendant paid to employees covered by the Union's CBAs from January 1, 2018, to the date of this Order. Plaintiffs shall file a status report no later than June 17, 2019, indicating their progress.

**IT IS SO ORDERED.**

Date:   April 11, 2019                               /s/ Greg Kays
                                                     GREG KAYS, JUDGE
                                                     UNITED STATES DISTRICT COURT